UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAMIRO ANTURI LARRAHONDO,<br><br>Defendant. | Criminal No.  10-018 (JDB) |

## ORDER

Defendant Ramiro Anturi Larrahondo ("Anturi" or "defendant") has been charged with conspiracy to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503 and 70506 and 18 U.S.C. § 2 and with conspiracy to distribute five kilograms or more of cocaine knowing and intending that the cocaine will be unlawfully imported into the United States in violation of 21 U.S.C. §§ 959, 960 and 963 and 18 U.S.C. § 2.  At the time of his arrest on February 9, 2010, Anturi was a prosecutor in the nation of Colombia.  Anturi's co-defendants are alleged to have been part of a maritime drug trafficking organization ("DTO") that transported tons of cocaine intended for the United States from Colombia to Central America.  The DTO allegedly made cash payments to Anturi in exchange for sensitive information about the investigation of the DTO and for the DTO's protection from law enforcement.  Presently before the Court is [Docket Entry 80] Anturi's motion for a bill of particulars.  For the reasons stated below, the Court will deny the motion.

Under the Federal Rules of Criminal Procedure, a district court may direct the government to file a bill of particulars. Fed. R. Crim. P. 7(f). "A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charge." United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987). "Yet if the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." Id.  Furthermore, a bill of particulars is not "a devi[c]e for allowing the defense to preview the government's theories or evidence." United States v. Ramirez, 54 F. Supp. 2d 25, 29 (D.D.C. 1999).

Defendant moves for a bill of particulars to clarify how and when Anturi became part of the conspiracies alleged in the indictment. Def. Anturi's Mot. for a Bill of Particulars at 5. More specifically, Anturi argues that the government must disclose: (1) when Anturi joined each of the charged conspiracies and what acts manifest an intent to join the conspiracies, id. at 9-10; (2) the identity of Anturi's alleged co-conspirators, id. at 10-11; (3) the amount of cocaine attributable to Anturi, id. at 11-12; and (4) any evidence establishing that Anturi protected the DTO, id. at 12-13.

In this case, the government has provided extensive discovery of the evidence incriminating Anturi, including identifying a subset of communications that it considers most significant to the case against Anturi. Perhaps more importantly for present purposes, the government's response to the defendant's motion provides much or all of the information sought by the motion itself. See Butler, 822 F.2d at 1193-94 ("In its response to the motion for a bill of particulars, moreover, the government . . . furnished essentially the information that [the

defendant] had requested."); see also United States v. Martinez, 764 F. Supp. 2d 166, 174 (D.D.C 2011).

The government has summarized seven pieces of evidence pertaining to its case against Anturi. This evidence includes intercepted calls between Anturi and his co-conspirators, as well as two other individuals; recordings of conversations between Anturi and a confidential source; a bank receipt reflecting a bribe from the DTO to Anturi; a purported government document, provided by Anturi to the DTO, that contained information regarding the DTO's trafficking activities; documents retrieved from Anturi's computer drive about the DTO; and a transcript of an interview with Anturi conducted by a federal agent. See Gov't's Resp. to Def.'s Mot. for a Bill of Particulars at 3-4. These materials and the government's response to Anturi's motion address his arguments in several respects.

First, with respect to when Anturi joined the conspiracies and how he manifested an intent to join the conspiracies, the government has stated that, in its view, the conspiracy was ongoing until Anturi's arrest. Id. at 11. The government has also stated that Anturi's provision of the government document containing information about the DTO shows that Anturi "was clearly aware of the ongoing drug trafficking conspiracy." Id. It is not necessary that the government presently identify the precise moment that Anturi joined the conspiracy for the defendant to understand the nature of the charges against him or prepare a defense.

Second, with respect to Anturi's request for evidence establishing that he protected the DTO, the government has, for the most part, suggested not only what evidence it will be relying on but also its general theory of the case against Anturi: "By providing this sensitive information regarding the DTO, and committing other acts, Defendant intended to make it possible for the co-conspirators to continue drug trafficking by avoiding detection. Part of Defendant's incentive

in transmitting this sensitive information was his knowledge that the DTO engaged in trafficking ton amounts of cocaine, and his interest was in continuing the conspiracy to reap the rewards of successful future loads and future payments.  At the very least, Defendant's actions amount to aiding and abetting an ongoing conspiracy, making him liable as a principal."  Id. at 12.  This description makes the allegations against Anturi sufficiently clear and reveals the nature of the evidence the government intends to use to show that Anturi protected the DTO.

Third, with respect to the identity of Anturi's alleged co-conspirators, the government has clarified that it is relying on evidence regarding Anturi's indicted co-defendants and two other individuals.  See id. at 12-13.  Beyond these persons' identities, Anturi seeks further to find out "what role the Government has assigned to these two persons."  Def.'s Reply Mem. in Supp. of Mot. for Bill of Particulars at 3.  But this request presses too far into the government's theory of the case.

Finally, with respect to the amount of cocaine attributable to Anturi, the two counts of the indictment each charge Anturi with trafficking five or more kilograms of cocaine.  As defendant's motion indicates, the government has disclosed evidence of five seizures of thousands of kilograms of cocaine that it attributes to the trafficking conspiracy.  Anturi can understand the charges and prepare his defense without the government now being required to detail precisely which of this disclosed evidence it intends to use at trial.

Accordingly, Anturi's motion for a bill of particulars is **DENIED**.

/s/
JOHN D. BATES
United States District Judge

Dated: September 29, 2011