UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.: 10-018 (JDB) |
| ) | |
| RAMIRO ANTURI LARRAHONDO ) | |
| ) | |
| a/k/a "Fiscal" a/k/a "Doctor" ) | |
| ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS COUNT ONE OF THE SUPERSEDING INDICTMENT

**COMES NOW** the United States of America, by and through the undersigned attorneys, and hereby responds to the defendant's motion to dismiss count one of the superseding indictment. The defendant requests that the Court dismiss the first count of the superseding indictment because 46 U.S.C. § 70504 unconstitutionally removes the determination of the element "a vessel subject to the jurisdiction of the United States" from the jury in violation of *United States v. Gaudin*, 515 U.S. 506 (1995). Congress, however, removed jurisdiction as an element of the offense in the 1996 Amendment to the MDLEA. Thus, *Gaudin* in not implicated by the trial court's determination of jurisdiction and the defendant's motion should be denied.

**ARGUMENT**

**JURISDICTION IN A MARITIME DRUG LAW ENFORCEMENT OFFENSE IS A QUESTION OF LAW FOR THE TRIAL JUDGE, NOT AN ELEMENT OF THE OFFENSE, THUS THE DEFENDANT'S CONSTITUTIONAL CHALLENGE LACKS MERIT AND SHOULD BE DENIED.**

The Maritime Drug Law Enforcement Act (MDLEA) prohibits drug trafficking on board vessels subject to the jurisdiction of the United States. Specifically, the MDLEA states:

> It is unlawful for any person on board a vessel of the United States, or on board a vessel subject to the jurisdiction of the United States, or who is a citizen of the United States or a resident alien of the United States on board any vessel, to

knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance.

46 USCS § 70501.[1]

In a 1996 amendment to the MDLEA, Pub. L. No. 104-324, 1138(a)(5), Congress plainly stated, "Jurisdiction of the United States with respect to vessels subject to this chapter is not an element of any offense." 46 U.S.C. § 70504 (2012). Congress further stated, "All jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge." *Id.* Thus, Congress did not make the question of whether a vessel is "subject to the jurisdiction of the United States" an element of a section 70503 offense. Rather, Congress unequivocally made jurisdiction "not an element of any offense." *Id.*

The Supreme Court has stated that, "the definition of the elements of a criminal offense is entrusted to the legislature, particularly in the case of federal crimes, which are solely creatures of statute." *Staples v. United States*, 511 U.S. 600, 604 (1994) (quoting *Liparota v. United States*, 471 U.S. 419, 424 (1985)). Further, the legislature's decision on how to define the elements of the offense "is usually dispositive." *McMillian v. Pennsylvania,* 477 U.S. 79, 85 (1986). It is the prerogative of Congress to define the elements of federal offenses. *See, e.g., United States v. Wells,* 519 U.S. 482, 489-99 (1997) (judicial reading of materiality element into statute rejected where Congress did not make materiality of falsehood element of offense of knowingly making false statement to federally insured bank). Hence, this Court should reject defendant's contention that Congress's amendment of the statute is unconstitutional in light of *Gaudin*.

---

[1] The statute defines "vessel subject to the jurisdiction of the United States" in 46 U.S.C. § 70502(c).

Defendant's reliance upon *United States v. Gaudin,* 515 U.S. 506 (1995) is completely misplaced. *Gaudin* stands for the proposition that, in a criminal jury trial, a jury must determine every element of an offense. See *Gaudin*, 515 U.S. at 510.[2] That principle would not be offended, or even implicated, by a determination by the trial judge of the question whether defendants were on board a vessel "subject to the jurisdiction of the United States" because the 1996 amendment to the MDLEA specifically made "subject to the jurisdiction of the United States" "not an element of" the section 70503 offenses.

In fact, in his concurring opinion in *Gaudin*, Justice Rehnquist specifically noted that nothing in the Court's decision prevents legislatures from defining the elements of their criminal laws in such a way as to remove elements (such as materiality) from the jury's consideration.

> As with many aspects of statutory construction, determination of what elements constitute a crime often is subject to dispute..."[I]n determining what facts must be proved beyond a reasonable doubt the [legislature's] definition of the elements of the offense is usually dispositive." *McMillan v. Pennsylvania,* 477 U.S. 79, 85, 106 S.Ct. 2411, 2415, 91 L.Ed.2d 67 (1986). Nothing in the Court's decision stands as a barrier to legislatures that wish to define-or that have defined-the elements of their criminal laws in such a way as to remove issues such as materiality from the jury's consideration. We have noted that " '[t]he definition of the elements of a criminal offense is entrusted to the legislature, particularly in the case of federal crimes, which are solely creatures of statute.' " *Staples v. United States,* 511 U.S. 600, 604, 114 S.Ct. 1793, 1796, 128 L.Ed.2d 608 (1994) (quoting *Liparota v. United States,* 471 U.S. 419, 424, 105 S.Ct. 2084, 2087, 85 L.Ed.2d 434 (1985)); see also *McMillan, supra,* 477 U.S., at 85, 106 S.Ct., at 2415-2416.

*Gaudin*, 515 at 525 (Rehnquist, J., concurring).

It is clear that *Gaudin* does not speak to the issue before this Court, that is, instances where Congress specifies that a provision of the statute is not an element of the offense.

---

[2] In *Gaudin*, the government conceded that Congress intended for materiality to be treated as an element of the offense. 515 U.S. at 511.

The Eleventh circuit, in *United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002) addressed the same argument which is now raised by the defendant. After noting that the court was "not swayed" by the appellant's contention that *Gaudin* requires MDLEA jurisdiction to be submitted to the Jury for proof beyond a reasonable doubt, the court concluded,

> In sum, we reject the appellants' argument that the MDLEA, 46 U.S.C. app. § 1903(f), is unconstitutional under *Gaudin* and other related cases. Although the Due Process Clause and the Sixth Amendment right to a jury trial require that each element of a criminal offense be submitted to the jury for proof beyond a reasonable doubt, Congress made clear through the 1996 amendment to the MDLEA that the jurisdictional requirement is not an element of a § 1903(a) substantive offense, but rather is an issue that goes only to the subject matter jurisdiction of the federal courts. We also have concluded that Congress had the flexibility under the Constitution, at least with respect to the statutory jurisdictional requirement at issue in this case, to decide that the jurisdictional issue should be solely one of subject matter jurisdiction for the court to decide, and not an element of the MDLEA substantive offense. This is because the jurisdictional provision here is not a traditional element, or otherwise an essential ingredient, of a criminal offense.

304 F.3d at 1111-1112

The court in *Tinoco* further noted that the statutory jurisdictional requirements contained in 46 U.S.C. app. § 1903 do not constitute a traditional element of an offense. The Jurisdictional requirement does not, the court stated, affect the defendant's blameworthiness or culpability, which is based in the defendant's participation in drug trafficking activities. "For these reasons, the § 1903 jurisdictional requirement is unlike the *actus reus*, causation, and the *mens rea* components that make up the traditional offense elements as historically understood in this country" at 1109. Finally, citing to the Supreme Court decision in *Ford v. United States*, 273 U.S. 593 (1927) the court concluded,

> *Ford* supports our determination that statutory jurisdictional requirements like the one in the MDLEA do not fit into the traditional definition of what constitute offense elements. Hence, the § 1903 jurisdictional requirement is not an essential ingredient or an essential element of the MDLEA substantive offense, and, as a result, it does not have to be submitted to the jury for proof beyond a reasonable doubt.

304 F.3d at 1109-1110

*See also*, *United States v. Klimavicius–Viloria*, 144 F.3d 1249, 1256 (9th Cir. 1998)(concluding that jurisdictional nexus requirement imposed by Ninth Circuit in MDLEA cases is to be decided by judge because it does not go to guilt or innocense of defendant).

Decisions by other circuits support the same conclusion. The First, Ninth, and Fifth Circuits have recognized that the 1996 amendment eliminates jurisdiction as an element of the crime. *United States v. Cardales*, 168 F.3d 548, 554 n.3 (1st Cir. 1999)("The MDLEA has since been amended to eliminate jurisdiction as one of its elements, making it a threshold question for the trial court to resolve"); *United States v. Klimavicius–Viloria*, 144 F.3d 1249, 1256 n.2 (9th Cir. 1998)("Congress recently amended section 1903 to provide that United States jurisdiction over vessels is no longer an element of the offense, but is a question of law for the trial court"). Most notably, in *United States v. Bustos-Useche*, 273 F.3d 622, 626 (5th Cir. 2001), the court specifically addressed whether the jurisdictional requirements of section 1903 are substantive elements of the crime or prerequisites to the court's subject matter jurisdiction.  The court quoted the plain language of subsection (f) added by Congress in 1996 which states that jurisdiction of the United States with respect to vessels subject to this chapter is not an element of any offense. Based on that addition to the statute, the court concluded that jurisdiction was properly a matter for preliminary determination by the district court.

The Defendant nevertheless argues that the "structure" of 46 U.S.C.§ 70503 makes jurisdiction a statutory element, and because Congress did not specifically amend the wording of the statute, jurisdiction remains an element of the offense. This argument fails in light of the amendment's clear intent to the contrary. Furthermore, this argument is not supported by any relevant case law, and in fact, runs contrary to well-established principles law as well as subsequent rulings by several circuits. While the structure of section 70503 alone previously might have suggested congressional intent to make "subject to the jurisdiction of the United States" an element of a section 70503 offense, the amendment contained in section 70504 completely negates that argument.[3] Congress, in amending the MDLEA, unequivocally made the jurisdictional requirement at issue not an element of the offense. Thus, the suggestion that the structure of the statute alone makes jurisdiction an element, where Congress has unquestionably specified otherwise, simply has no merit.

The Eleventh Circuit in *Tinoco* specifically rejected this statutory structure argument. The court unequivocally stated that:

> "[t]he 1996 Amendment to the MDLEA removes the any statutory ambiguity that might have previously existed. By adding to the MDLEA the jurisdiction and venue provision, Congress [. . .] plainly indicated that whether a vessel is subject to the jurisdiction of the United States in not an element of the offense, but instead is solely an issue of subject matter jurisdiction that should be treated as a preliminary question of law for the court's determination. 46 U.S.C. app §1903(f). It is true beyond peradventure that Congress has the constitutional authority to "overrule" a court interpretation of a statute by amending the statute. *Henderson v. Scientific–Atlanta, Inc.,* 971 F.2d 1567, 1571–72 (11th Cir.1992). As a result,

---

[3] Prior to this amendment, some courts found that jurisdiction was an element of an MDLEA offense based on the construction of the statute. *See, e.g., United States v. Cardales*, 168 F.3d 548, 554 (1st Cir. 1999); *United States v. Bustos-Useche*, 273 F.3d 622, 626 (5th Cir. 2001). As noted, Congress, in amending the statute explicitly stated that jurisdiction was not an element of the crime. Subsequent court decisions have consistently held that jurisdiction is no longer an element of the offense.

>we conclude that Congress, by amending 46 U.S.C. app. § 1903(f), effectively overruled our statutory construction of the § 1903 jurisdictional requirement in *Medina*. The statutory language of the MDLEA now unambiguously mandates that the jurisdictional requirement be treated only as a question of subject matter jurisdiction for the court to decide.

304 F.3d at 1105-06 .[4]

The defendant's statutory construction arguments simply find no support in the courts.

## CONCLUSION

The 1996 amendment to the MDLEA made clear that Congress removed jurisdiction as an element of the offense. Defendant's assertions to the contrary are meritless, particularly in light of the express intent of Congress and established case law. Because jurisdiction is not an element of the offense, the principles established by *Gaudin* are not implicated. For these reasons, the government asks that this Court deny Defendant's motion.

Respectfully submitted this 30th day of March, 2012.

>ARTHUR WYATT, Chief
>U.S. Department of Justice
>Criminal Division
>Narcotic and Dangerous Drug Section

>By: _____/s/_____
>Mark Maldonado
>Stephen M. May

---

[4] The court then proceeded to address whether Congress can constitutionally provide that the MDLEA jurisdictional requirement is a "non-element" of the offense, thereby authorizing the judge to decide the issue, rather than the jury. The court firmly rejected, as previously noted, the argument that the MDLEA , 46 U.S.C. app. § 1903(f), is unconstitutional either under *Gaudin*, the Due Process Clause or the Sixth Amendment's right that a jury determine each element of a criminal offense.

Trial Attorneys
U.S. Department of Justice
Criminal Division
Narcotic and Dangerous Drug Section
1400 New York Avenue, NW
Washington, DC 20530
Main Office: (202) 514-0917
Fax: (202) 514-0483
Mark.Maldonado2@usdoj.gov
Stephen.May@usdoj.gov