UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 10-018-10 (JDB) |
| | ) | |
| RAMIRO ANTURI LARRAHONDO | ) | |
| | ) | |
| a/k/a "Fiscal" a/k/a "Doctor" | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENTS OPPOSITION TO DEFENDANT'S MOTION TO STRIKE ALIASES FROM INDICTMENT**

**COMES NOW** the United States of America, by and through the undersigned attorney, and respectfully opposes Defendant's motion to strike aliases from the indictment alleging that the aliases "Fiscal" and "Doctor" are unfairly prejudicial. ANTURI's aliases are used either in transcripts of calls the Government intends to introduce at trial or will be brought out in the testimony of the witnesses Government expects to call at trial. Because the aliases are probative of Defendant's identity, and not inherently unfairly prejudicial, the Defendant's motion should be denied. In support of this motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this matter.

**FACTUAL BACKGROUND**

1. The superseding Indictment in this case designates RAMIRO ANTURI LARRAHONDO (ANTURI) as the tenth co-defendant, and lists his aliases as "Doctor" and "Fiscal." Additionally, these aliases appear on each page of the transcripts of recorded phone calls.

2.  In several recorded calls and intercepts, defendants and co-conspirators refer to ANTURI as "Doctor"

3.  The Government anticipates that it will introduce transcripts of these calls and intercepts at trial.

4.  During witness interview, the defendant ANTURI was referred to as "Doctor" or "Fiscal."

5.  Government expects witnesses will refer to ANTURI as both "Doctor" and "Fiscal" in their testimony at trial.

## ARGUMENT

6.  Defendant ANTURI has moved the Court to suppress the reference to the alias "Fiscal" and "Doctor" in the indictment. Defendant claims that the use of an alias is unfairly prejudicial as it suggests some "nefarious need for a secret or hidden name by the defendant to hide his true identity from law enforcement."

7.  Federal Rule of Criminal Procedure 7(d) provides that upon defendant's motion, the court may strike surplusages from the indictment. However, this Court's discretion to strike material from an indictment is narrow, and "surplus" may be stricken only if both irrelevant and prejudicial. *United States v. Oakar*, 111 F.3d 146, 157 (D.D.C. 1997). Despite a preference against the inclusion of aliases in an indictment, courts have generally recognized their inclusion as permissible where the alias is relevant to identification of the defendant. *Bailey v. U.S.*, 544 A.2d 289 (D.C. 1988); *United States v. Palfrey*, 499 F. Supp.2d 34, 40 (D.D.C. 2007). The Courts have specifically ruled that where "the government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts

charged in the indictment, the inclusion of the alias in the indictment is both relevant and permissible, and a pretrial motion to strike should not be granted." *United States v. Brodie*, 326 F. Supp. 2d 83, 90 (D.D.C. 2004), quoting *United States v. Clark*, 541 F.2d 1016, 1018 (4th Cir. 1976).

8. In determining admissibility of an alias, courts have weighed the alias's probative value against its capacity for unfair prejudice, as well as the frequency, context, and character of the prosecution's use of the alias. *United States v. Farmer*, 583 F.3d 131, 146 (2d. Cir. 2009). Courts have specifically held that "the suggestiveness of the nickname has not required exclusion, especially when it helped to identify the defendant, connect him to the crime, or prove other relevant matter." *Id.* Thus, where the alias is necessary to connect the defendant to the charged acts, courts have held that it is proper and non-prejudicial to include the alias in the indictment and to prove it at trial. *See also Clark*, 541 F.2d at 1018; *accord United States v. Emuegbunam*, 268 F.3d 377, 393-395 (6th Cir. 2001) (Use of alias in indictment and in evidence permissible if it is necessary to connect the defendant to the acts charged); *United States v. Candeleria-Silva*, 166 F.3d 19, 33 (1st Cir. 1999); *United States v. Taylor*, 554 F.2d 200, 203 (5th Cir. 1977). Applying that rule to this case leads to the conclusion that Defendant's alias is properly listed in the indictment and may be proved at trial.

### I. Capacity for Unfair Prejudice

9. Neither of Defendant's aliases is inherently suggestive of a crime; both relate merely to his profession. Defendant worked as a prosecutor, the direct translation of which is the title "Fiscal." The title "Doctor" is commonly used in Colombia in regard to attorneys, as the reference merely recognizes that the attorney has received the *juris doctor* degree. *See, e.g.*,

*United States v. Orozco Mendez*, 371 Fed. Appx. 159, 160 (2d Cir. 2010) (noting the nickname of a Colombian criminal defense attorney as "El Doctor").  The use of such tiles is not unlike referring to an individual as the "Senator" or the "Judge."  There is no connotation of a "nefarious" purpose where an individual simply is referred to in terms of their profession, title, position, or educational level.

      10.   Defense suggests that the inclusion of ANTURI's aliases in the indictment and on the transcripts is unfairly prejudicial because the aliases "suggest[] some nefarious need for a secret or hidden name by the defendant to hide his true identity from law enforcement" (Def. Mot. Strike Aliases 3).  However, courts have upheld the use of far more "incriminating" nicknames where the use of the alias was relevant to identification of the defendant in relation to the acts charged, and not used excessively by the government.  *See, e.g.*, *Candelaria-Silva*, 166 F.3d at 33 (1st Cir. 1999) (upholding trial court's refusal to strike alias "Macho Gatillo" ("Trigger Man") from indictment and testimony, where nickname was necessary to establish authorship of a letter); *United States v. Delpit*, 94 F.3d 1134, 1146 (8th Cir. 1996) (upholding trial court's denial of defendant's motion to strike alias "Monster" from indictment, where it was not used to "suggest [defendant's] bad character or unsavory proclivities" and where necessary to identify defendant in wiretaps); *United States v. Persico*, 621 F. Supp. 842, 861 (S.D.N.Y. 1985) (permitting use of nickname "Frankie the Beast," noting that "[e]ven if prejudicial … aliases and nicknames are proper in an indictment where they will be part of the government's proof at trial"); *see also*, *United States v. Dean*, 59 F.3d 1479, 1492 (5th Cir. 1995)  (noting that the nickname "Crazy K" was "not necessarily suggestive of a criminal disposition).

## II. Probative Value of Aliases

11. The Defendant, speculates that by using ANTURI's aliases on the indictment and transcripts the Government "intend[s] the jury to believe . . . that Mr. Anturi was conscious of his guilt" (Def. Mot. Strike Aliases 3).[1] The Government intends to introduce evidence of ANTURI's aliases for the purposes of identifying the defendant at trial. The court in *United States v. Ramos*, 839 F. Supp. 781, 788 (D. Kan. 1993) struck defendant's alias from the indictment as the Government at that point had yet to show that the aliases were relevant to the identification of the defendant in connection with the acts charged in the indictment. However, the court struck the aliases *provisionally*, stating that should "the government introduce[] evidence of an alias being used by [defendant] and this use is relevant to the conduct charged in the indictment, . . . the court will consider adding that alias to the indictment in instructing the jury at the close of the evidence." *Id.* at 788. The authority cited by the Defendant isn't relevant in the present case, as the Government intends to use the aliases at trial only to identify the Defendant in relation to telephone calls and testimony of witnesses that will be presented at trial.

12. The inclusion of the term "Fiscal" or "Doctor" in the indictment and in the Government's proof at trial is not unfairly prejudicial because a jury would easily recognize that "Fiscal" and "Doctor" is more of a title or nickname than a true alias. "Fiscal" hardly connotes

---

[1] This Court has also deemed the use of aliases entirely relevant to defendant's consciousness of guilt, thus this inference by the jury would not be improper. *See United States v. Clark*, 184 F.3d 858, 869-70 (D.D.C. 1999) ("Clark's alias was not irrelevant. It is well-settled that '[a] defendant's use of an alias to conceal his identity from law enforcement officers is relevant as proof of consciousness of guilt....' Even if that had been the government's sole ground for inclusion of the references in the indictment, Clark's claim would fail because he has not established any prejudice.") (quoting *United States v. Glass*, 128 F.3d 1398, 1408 (10th Cir. 1997)).

criminal association, which Defendant himself says is the danger of charging an individual under an alias.  In addition, the Government has no intention of arguing that "Fiscal" or "Doctor" signifies that the defendant is hiding his identity or was involved in criminal activity.  The Government intends to prove the alias and use it at trial only to clarify that, in some conversations, "Fiscal" or "Doctor" should be understood as referring to Defendant ANTURI.

13.  Finally, the Court can fashion an appropriate limiting instruction, if requested by the Defendant, instructing the jury not to draw any improper inferences from the proof or argument regarding the use of the alias. See, e.g., *Bailey v. U.S.*, 544 A.2d 289, 290 (D.C. 1988); *United States v. Satterfield*, 743 F.2d 827 (11th Cir. 1984).

## CONCLUSION

ANTURI's aliases are used either in transcripts of calls the Government intends to introduce at trial, or will be brought out in the testimony of the witnesses Government expects to call at trial.  Because the aliases are probative of the Defendant's identity and not inherently unfairly prejudicial, the aliases should remain on the Superseding Indictment and transcripts of phone conversations, and Defendant's motion should be denied.

Respectfully submitted this 30th day of March, 2012.

ARTHUR WYATT, Chief
U.S. Department of Justice
Criminal Division
Narcotic and Dangerous Drug Section

By: _____/s/_____
Mark Maldonado
Stephen M. May
Trial Attorneys
U.S. Department of Justice
Criminal Division
Narcotic and Dangerous Drug Section
1400 New York Avenue, NW
Washington, DC 20530
Main Office: (202) 514-0917
Fax: (202) 514-0483
Mark.Maldonado2@usdoj.gov
Stephen.May@usdoj.gov